**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30312 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00021-SEH-1 |
| v. | |
| ANDREW DAVID RICE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 4, 2011
Seattle, Washington

Before: SCHROEDER and M. SMITH, Circuit Judges, and BENITEZ, District Judge.[**]

Andrew David Rice appeals from his conviction and 108-month sentence for

accessing child pornography with intent to view it, in violation of 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Roger T. Benitez, District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

§ 2252A(a)(5)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction.  We vacate the sentence and remand for resentencing.

## I.  Motion in Limine

The district court erred in ruling that the "access[ing] with intent to view" prong of § 2252A(a)(5)(B) is a crime of general intent and in excluding Rice's diminished capacity defense on that ground.  *See United States v. Twine*, 853 F.2d 676, 680 (9th Cir. 1988) (finding that an "intent to threaten" requires "a showing of specific intent"); *United States v. Ross*, 206 F.3d 896, 898-99 (9th Cir. 2000) (reviewing de novo the district court's ruling on a motion in limine when the order precludes the presentation of a defense).

The evidence Rice seeks to proffer, however, is not relevant to negate the intent element of the charged crime.  It is relevant as an excuse or justification for his conduct, but this is not a permissible use of evidence bearing on a defendant's diminished capacity.  *Twine*, 853 F.2d at 679.  Because Rice's evidence of Post Traumatic Stress Disorder (PTSD) and resulting adrenaline addiction does nothing to negate the element of an "intent to view" child pornography, the district court's error precluding Rice's diminished capacity defense was harmless.

## II. Sentence

Rice's decision to go to trial could not alone disqualify him from a downward adjustment for acceptance of responsibility. *See United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002) (reasoning that "Cortes was not required to forego his right to a trial by jury and plead guilty in order to receive the acceptance of responsibility reduction."); *see also id.* at 1037 (reviewing de novo "whether the district court misapprehended the law with respect to the acceptance of responsibility reduction"). It is unclear from the sentencing hearing transcript whether the district judge believed that Rice's not guilty plea was sufficient to deny him the downward adjustment. *See id.* at 1039. The court neither addressed any of the factors favorable to Rice, nor are there any "specific findings concerning [Rice's] remorse or contrition." *See id.* "Employing that type of per se bar to the acceptance of responsibility reduction would have impermissibly penalized [Rice] for exercising his constitutional rights." *Id.* (remanding, when it was unclear whether the district court denied reduction solely due to the defendant's decision to proceed to trial, "to allow the district court to fully explicate the issue in the first instance").

In fact, there appears to be support for allowing the downward adjustment in this case. The record suggests that Rice cooperated with authorities, admitted to

viewing and downloading child pornography, and was willing to attend treatment as a sex offender. We thus vacate the sentence and remand to allow the district court to revisit and more fully explain its decision concerning the acceptance of responsibility adjustment. In addition, the district court should consider whether Rice's PTSD, though not relevant as a defense, might nonetheless be relevant to explain his conduct and reduce his sentence.

**AFFIRMED in part; VACATED and REMANDED in part.**